# KINNY

*v.*

## HOFFMAN AND ALS.

(*Supreme Court of Appeals of Virginia, July, 1879.*)

[Virginia Law Journal, 1879, p. 435.]

### Contract for Sale of Land—Vendor Not Prepared with Covenants—Specific Performance Matter of Favor—Case at Bar.

Specific performance of a contract for a sale and purchase of land will only be decreed as a matter of favor where the vendor is not prepared to comply with his covenants until the hearing; and such favor will only be granted in cases where it can be granted without prejudice to the rights of the vendee. This indulgence will not be granted when the defect to be remedied was known to the vendor or his attorney at the time of the contract and was concealed from the purchaser. And more especially will such indulgence be denied when, beside the failure to disclose the existence of incumbrances, an account is necessary to ascertain the state of the title, the extent, nature and amount of such incumbrances.

### Same—Provisions to Convey Clear Title—Purchaser's Rights.

A contract for the sale of land, which provides that the vendor shall convey to the purchaser a clear title, entitles the purchaser to a conveyance of the land with general warranty, and free from incumbrances.

### Same—Specific Performance—Incumbrances—Case at Bar.

A purchaser of land buys with a view of immediately removing his family to it, and is assured it is free from incumbrances except one deed of trust to secure a specific debt. Soon after the purchase, he ascertains it is covered by several deeds of trust, and by a number of judgments against a prior owner of unascertained amounts: *held*:

He is well justified in refusing to carry out the contract; and specific performance will not be enforced against him, though

in a suit brought by the vendor, after two years he has had the liens ascertained, and they may be paid out of the purchase money.

This was a suit in equity in the circuit court of Fauquier county, brought on the 28th of December, 1868, by Charles W. Hoffman against P. G. Kinny and several others, to have specific execution of a contract by which said Hoffman sold to said Kinny a tract of land of five hundred and eighty-five acres, in said county, at $25 per acre, and to have the liens by deed of trust and judgments ascertained, in order that he might make a clear title to the purchaser.

The written contract bears date on the 10th of August, 1868, and after setting out the land and the price to be paid, provides that Hoffman shall deliver immediate possession of the land, except certain specified parcels, and of these possession was to be given on the 1st of January next. And it further provides "that Kinny is to pay to said Hoffman the whole amount of the purchase money as soon as a clear title is made to him."

Kinny resisted the specific execution of the contract, on the ground that immediate possession was the important inducement to the purchase by him, and that he ascertained, after the contract was made, that the land was incumbered by various deeds of trust and judgment liens, and he therefore refused to carry out the purchase, and gave notice thereof to Hoffman.

The cause was pending and strongly contested for two years, and two or more reports were made by a commissioner, as to the liens upon the property by deed of trust and judgment ; and all the liens by deed, but one for a specific amount, having been removed, and the judgments and their amounts ascertained, the cause came on to be heard on the 29th of September, 1870, when the court held that the plaintiff was entitled to have a specific execution of the contract, and de-

creed that P. G. Kinny should pay to R. Taylor Scott, who was appointed special commissioner for the purpose, the sum of $14,635.32 within thirty days from the date of the decree; and that upon the payment of said sum of money to said special commissioner, he, the said special commissioner, should deliver to the said Kinny the deed from C. W. Hoffman and wife to said Kinny, filed in the court with the bill; and the sheriff was directed to put the said Kinny in possession of the land. Should the said Kinny fail to pay the said sum of money within the time aforesaid, then it was further decreed that commissioners named should proceed to sell the land at public auction, on the terms of cash for so much as was necessary to cover expenses, and for the balance on a credit of one, two and three years, and make report, &c.

In February, 1871, the commissioners reported that they had sold the land, and that C. W. Hoffman had become the purchaser at $18.50 per acre. And on the 17th of April the court made a decree confirming the sale. From these decrees Kinny applied to this court for an appeal; which was allowed.

*John S. Mosby* and *Wm. H. Payne*, for the appellant.

*Brooke & Scott*, for the appellees.

ANDERSON, J., delivered the opinion of the court, in which the other judges concurred.

Held as stated in the headnotes.

Decree reversed.